IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **TYEASHA WIGFALL,**<br><br>Plaintiff,<br><br>-against-<br><br>**ANDERSON BROTHERS BANK and HOOK & BOOK RECOVERY SC, LLC,**<br><br>Defendants. | Civil Case Number: 2:25-cv-06611-RMG<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tyeasha Wigfall (hereinafter, "Plaintiff"), a resident of Ladson, South Carolina brings this complaint by and through the undersigned attorneys, against Defendants Anderson Brothers Bank and Hook & Book Recovery SC, LLC (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed her vehicle even though she was not in default of her loan or security agreement, thereby violating South Carolina law. Plaintiff also brings a claim against Defendant Hook & Book Recovery SC, LLC, for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff seeks statutory damages, punitive damages, actual damages, as well as attorneys

1

fees and costs.

## PARTIES

5. Plaintiff TYEASHA WIGFALL is a natural person and a resident of Ladson, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant ANDERSON BROTHERS BANK (hereinafter "ABB") is a banking institution headquartered in Mullins, South Carolina.

7. Defendant HOOK & BOOK RECOVERY SC, LLC, (hereinafter "Hook & Book Recovery"), is a repossession company, with its principal place of business in North Charleston, SC.

8. Upon information and belief, Defendant Hook & Book Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Hook & Book Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

11. The Plaintiff owns a 2017 Kia (hereinafter referred to as "the Vehicle"), which he financed with a loan through Defendant ABB.

12. The Plaintiff took out this loan to purchase the Vehicle for personal use.

13. The money purportedly owed on the ABB loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

14. At some point on or before May 7, 2025, ABB hired Defendant Hook & Book Recovery to repossess the Plaintiff's vehicle.

15. At approximately 5:15 p.m. on or about May 7, 2025, after being hired by ABB to repossess the Plaintiff's vehicle, Hook & Book Recovery proceeded to repossess the Plaintiff's vehicle.

16. At the time of the repossession, the Plaintiff was not behind on her ABB loan.

17. In fact, earlier on that same day, May 7, 2025, the Plaintiff and ABB both executed a written Payment Extension Agreement, under which ABB agreed to defer the next loan payment by one month.

18. Accordingly, Plaintiff was not in breach of any term of the loan or security agreement and retained the legal right to full use and possession of the Vehicle at the time of the repossession.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against Hook & Book Recovery)

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 11-18 with the same force and effect as if the same were set forth at length herein.

20. Plaintiff brings this count only against Hook & Book Recovery.

21. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

22. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)   there is no present right to possession of the property claimed as

    collateral through an enforceable security interest; or

 (C) the property is exempt by law from such dispossession or disablement.

23. At the time of the repossession, the Plaintiff was entitled to the use and possession of her vehicle, and was not in default of her loan or security agreement.

24. At the time of the repossession, the Defendants did not have the present right to possession of the Plaintiff's vehicle, and were prohibited from repossessing it.

25. As a result, Defendant Hook & Book Recovery violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on May 7, 2025.

26. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, the Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

27. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer emotional distress including frustration and embarrassment, by depriving the Plaintiff of the use of her vehicle and her possessions contained therein, by and by depriving her of the right to pre-repossession judicial process.

28. By reason thereof, Defendant Hook & Book Recovery is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II
## UNLAWFUL REPOSSESSION
### S.C. Code Ann. § 36-9-601 *et seq.*
**(Against All Defendants)**

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 11-18 with the same force and effect as if the same were set forth at length herein.

30. Plaintiff brings this count against all Defendants.

31. South Carolina only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. S.C. Code Ann. § 36-9-601, S.C. Code Ann. § 36-9-609, S.C. Code Ann. § 36-9-610.

32. At the time of the repossession, the Plaintiff was entitled to the use and possession of her vehicle, and was not in default of her loan or security agreement.

33. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle, and were prohibited from repossessing it.

34. As a direct and proximate result of the Defendants' illegal repossession, Plaintiff suffered damages including the loss of use of the vehicle, the loss of use of her possessions, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

## COUNT III
## CONVERSION / TRESPASS TO CHATTELS
**(Against All Defendants)**

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 11-18 with the same force and effect as if the same were set forth at length herein.

36. Plaintiff brings this count against all Defendants.

37. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff, and not the Defendants, had the present right of possession to the Vehicle.

38. The Defendants then held Plaintiff's vehicle for a period of time, thereby exercising control over the Plaintiff's property and the possessions contained therein.

39. Defendants' conversion of Plaintiff's vehicle and trespass of her chattels harmed Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle, the loss of the right to pre repossession judicial process and by subjecting her to unfair and unconscionable means to collect a debt.

40. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment.

41. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and trespassed on the Plaintiff's chattels, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding the Plaintiff actual damages incurred;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding punitive damages;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

  (e)  Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 27, 2025

                  <u>s/ Spencer Andrew Syrett</u>
                  Spencer Andrew Syrett, Esq.
                  Federal Bar ID # 4408
                  712 Richland Street, Suite E
                  Columbia, SC 29201
                  Tel: (803) 765-2110
                  Email: syrettlaw@sc.rr.com
                  *Local Counsel for Plaintiff*

                  Yitzchak Zelman, Esq.
                  MARCUS & ZELMAN, LLC
                  701 Cookman Avenue, Suite 300
                  Asbury Park, New Jersey 07712
                  (732) 695-3282 telephone
                  yzelman@marcuszelman.com
                  *Pro Hac Vice To Be Filed*
                  *Attorneys for Plaintiff*